**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BUXTON, SLOANE,<br>Individually and on behalf all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>1237 FULLERTON LLC and<br>THE SCION GROUP LLC,<br><br>Defendants. | **Case No.: 22-cv-6269**<br><br>Removed from the Circuit Court of Cook County, Case No. 2022CH09018 |

**NOTICE OF REMOVAL OF ACTION PURSUANT TO
THE CLASS ACTION FAIRNESS ACT UNDER 28 U.S.C. §§ 1332(d) and 1453**

Pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453 Defendants 1237 FULLERTON LLC ("Fullerton") and THE SCION GROUP ("Scion")(collectively, "Defendants"), hereby give notice of the removal of this civil action captioned *Buxton, Sloane, individually and on behalf of all others similarly situated v. 1237 Fullerton LLC and The Scion Group LLC,* Case No. 2022-CH-09018, from the Circuit Court of Cook County, State of Illinois, to the United States District Court for the Northern District, Eastern Division. In support of this Notice of Removal, Defendants state as follows:

**I. GROUNDS FOR REMOVAL—CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ("CAFA") (28 U.S.C. § 1332(d))**

1. Defendants remove the above-entitled state court action to this Honorable Court pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, because this action is subject to CAFA removal as a civil class action involving an amount in controversy exceeding five million dollars

1

($5,000,000), exclusive of interest and costs, where the proposed plaintiff class exceeds 100 members and at least one member of the plaintiff class is diverse from at least one defendant. See 28 U.S.C. § 1332(d) (providing that district courts have original jurisdiction over class actions where: (1) the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, § 1332(d)(2); (2) any member of a class of plaintiffs is a citizen of a State different from any Defendant, § 1332(d)(2)(A); and (3) the number of members of all proposed plaintiff classes in the aggregate exceeds 100, § 1332(d)(5)).

**II.  PLEADINGS, PROCESS, AND REQUIREMENTS FOR REMOVAL**

2. On September 13, 2022, Plaintiff Sloane Buxton ("Plaintiff" or "Buxton") filed a Class Action Complaint ("Complaint"), Case No. 2022-CH-09018, in the Circuit Court of Cook County, State of Illinois ("State Court Action"), a court within this judicial district and division. See Complaint attached as **Exhibit A**.

3. On October 10, 2022, Plaintiff notified Defendants by email that Plaintiff had commenced the State Court Action and attached a copy of the Complaint. See the October 10, 2022 email from Plaintiff's counsel to Defendants' counsel attached as **Exhibit B**.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days after the receipt by Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.

5. Removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division, is proper as this case is pending in the Circuit Court of Cook County, which is embraced within the United States District Court for the Northern Division of Illinois, Eastern Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

6. Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of the Notice of Filing of Notice of Removal of Action with the Clerk of the Circuit Court of Cook County, State of Illinois, as required by 28 U.S.C. § 1446(d).

## III. THE REQUIREMENTS OF CAFA REMOVAL ARE MET

### A. There Is Minimal Diversity of Citizenship

7. This action is between multistate parties satisfying the minimal diversity of citizenship requirement under CAFA. Minimal diversity of citizenship exists under CAFA in the following circumstances: (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a state; or (3) any member of a class of plaintiffs is a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2). A limited liability company for purposes of CAFA removal is considered a citizen of the state where it has its principal place of business and the state under whose laws it is organized 28 U.S.C. § 1332(d)(10).

8. The Complaint does not provide Plaintiff's citizenship, but states "[a]t all times relevant Plaintiff resided in Chicago, Cook County, IL." See Complaint, **Ex. A**, ¶ 2.

9. Defendant Fullerton is a limited liability company organized under the laws of Delaware with a principal place of business in Chicago, Illinois. See Declaration of Bronstein ("Bronstein Decl.") ¶3, attached as **Exhibit C.** Thus, under 28 U.S.C § 1332(d)(10), it is considered a citizen of Illinois.

10. Defendant Scion is a limited liability company organized under the laws of Illinois with a principal place of business in Chicago, Illinois. **Ex. C**, Bronstein Decl. ¶ 1. Thus, under 28 U.S.C § 1332(d)(10), it is considered a citizen of Illinois.

11. Plaintiff defines the proposed class as:

> a. They were a member of the alleged putative class provided by the 5-12-170 Complaint and corresponding motion for class certification in the lawsuit 2022-CH-04059, captioned *Sloane v. 1237 Fullerton LLC et al.,* pending in the Circuit Court of Cook County as of July 13, 2022 (the date Defendants filed their Motion to Compel) who had executed the Housing Agreement[1];
> b. Their executed Housing Agreement included the Arbitration Clause; and
> c. Defendants attempted to avoid liability to them and enforce the provisions of the Arbitration Clause included in the Housing Agreement by the filing of Defendants' Motion to Compel. Complaint, **Ex. A**, ¶ 24.

12. Defendants have undertaken efforts, including a review of the Defendants' company records and housing agreements, to identify tenants or prospective tenants that would be included in Plaintiff's proposed class and their states of citizenship. **Ex. C**, Bronstein Decl. ¶¶ 5-6.

13. Members of the proposed class of plaintiffs are citizens of states different from Defendants. The majority of housing agreements that Defendants enter into with tenants are for student housing.[2] Defendants' review of the company records and housing agreements indicates that, as defined by Plaintiff, the purported class may include approximately 287 members. **Ex. C**, Bronstein Decl. ¶7. Of those tenants, on their housing applications approximately 56 percent

---

[1] Plaintiff Buxton filed another class action against Defendants in the Circuit Court of Cook County, Case No. 2022-CH-04059, on April 29, 2022, that Plaintiff refers to as the "5-12-170 Complaint." In that case, Plaintiff proposed a class defined as:
  a) They were a tenant or prospective tenant in 2021 and 2022; and
  b) Who was offered the standard form Housing Agreement offered to Plaintiff, inclusive of the 2020 Interest Rate Summary instead of the *then current* [Residential Landlord and Tenant Ordinance] Interest Rate Summary that include the new interest rate as well as the rate for each of the prior two years. See "5-12-170" Complaint, 2022-CH-04059, attached as **Exhibit D**.

[2] In fact, Plaintiff's Complaint alleges that, in 2021 "Scion becomes the global leader in purpose-built, off-campus student housing, operating 117 communities in 72 campus markets. The team of over 1,700 employees serves nearly 77,000 residents across the United States." See Complaint ¶ 4, attached as **Ex. D**.

(56%) listed a permanent address outside of Illinois and approximately 23 percent (23%) listed an address outside of the United States. **Ex. C**, Bronstein Decl. ¶9.

14. Two tenants who would be members of Plaintiff's proposed class provided signed affidavits stating that they are citizens of states (Texas and Nevada) different than Defendants. See Declaration of Sydney Houran, attached as **Exhibit E**; See Declaration of Juliana Draskovich, attached as **Exhibit F**.

15. Therefore, minimal diversity of citizenship exists satisfying the first requirement of 28 U.S.C. § 1332(d)(2) for CAFA removal.

**B.     The Amount In Controversy Exceeds $5,000,000**

16. Under 28 U.S.C. § 1332(d)(2), district courts have original jurisdiction over class actions where the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 503, n.1 (2014) (applying § 1446(c)(2) to CAFA case). If the amount in controversy is not facially apparent from the complaint, the court should then look to the notice of removal. *Id.* at 553 ("when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

17. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

18. Although Plaintiff fails to allege an exact amount of damages on the face of the Complaint, removal is proper because it is facially apparent from the Complaint that the amount in controversy exceeds $5,000,000, as described further below.

19. Plaintiff contends that common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. See Complaint, **Ex. A**, ¶ 26.

20. In the Complaint, Plaintiff alleges that Defendants violated the RLTO and, thus, the "Defendants are liable to Plaintiff and the [purported class members] in the amount of two month's rent." See Complaint, **Ex. A**, ¶ 37. Plaintiff further alleges "As required by the Housing Agreement as drafted by Defendants, one month rent is the 'fixed price for the entire Term;' therefore, two months' rent is two times the 'fixed price for the entire Term.'" *Id.* at ¶ 38. The Housing Agreement defines the "Term" as the duration from the Start Date to the End Date. See Housing Agreement attached to Complaint. Accordingly, Plaintiff claims that Defendants' alleged violation of the RLTO entitles Plaintiff and each class member not to twice the *monthly* rental amount, but to twice the rental amount for the *entire Term*. *Id.* at ¶¶ 38-39.[3]

21. Under the housing agreement, Plaintiff's Term was approximately eleven months (from September 1, 2022, to August 10, 2023) and the Total Rent for the Term was $13,536.00. **Ex. A**, Complaint, *¶*9; *See also* **Ex. A**, Plaintiff's attachment to the Complaint, Housing Agreement, p. 1. Plaintiff alleges that Defendants are liable to the class in the amount of two months' rent and that "…two months' rent is two times the 'fixed price for the entire Term." **Ex. A**, Complaint, *¶¶*37-38. Twice the rental amount for the entire Term for Plaintiff is $27,072.00.

---

[3] Defendants do not consent to Plaintiff's proposed class or to Plaintiff's method of calculating damages, but removal is based on the allegations contained in Plaintiff's Complaint.

6

22. Plaintiff's Complaint alleges that class members would include "hundreds, and likely thousands, of tenants." Complaint, **Ex. A,** ¶25. As discussed above, as defined by Plaintiff, the purported class includes approximately 287 members based on Defendants' review of the company records and housing agreements. **Ex. C**, Bronstein Decl. ¶7.

23. Defendants' review of company records and housing agreements revealed that the average total rent amount under each Housing Agreement (applying Plaintiff's method of calculation) is $14,863.00, and that the aggregate total rent under all of the Housing Agreements of the Prohibited Lease Provision Class is approximately $4,265,676.00. **Ex. C**, Bronstein Decl. ¶10(d).

24. Plaintiff's request for judgment of "two months' rent" as specified in Section 5-12-140 of the Chicago Residential Landlord Tenant Ordinance, using Plaintiff's method of doubling the total rent under each Housing Agreement to calculate this amount (Complaint #2 at Para. 39(d)), such that Plaintiff's request for judgment would total approximately $8,531,352.00, exclusive of any applicable interest or attorney fees. **Ex. C**, Bronstein Decl. ¶10(e).

25. Consequently, the amount in controversy as alleged under the Complaint, exclusive of interest and costs, exceeds the sum $5,000,000 and satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(d)(2).

### C. The Proposed Class Exceeds 100 Members

26. Plaintiff's Complaint alleges that class members would include "hundreds, and likely thousands, of tenants." Complaint, **Ex. A,** ¶25. As discussed above, as defined by Plaintiff, the purported class includes approximately 287 members based on Defendants' review of the company records and housing agreements. **Ex. C**, Bronstein Decl. ¶7.

27. Consequently, this Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1332(d) and 1453 because this action is subject to CAFA removal as a civil class action involving an amount in controversy exceeding five million dollars ($5,000,000), exclusive of interest and costs, where the number of members of the proposed plaintiff class exceeds 100 and at least one member of the plaintiff class is diverse from at least one defendant. 28 U.S.C. § 1332(d).

28. Defendants have complied with the applicable procedural requirements of 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure.

29. In filing this Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Further, Defendants intend no admissions of fact, liability or law by this Notice of Removal, and expressly reserves all applicable defenses, motions, and pleas.

30. For these reasons, this Court has jurisdiction over this action to its conclusion and final judgment, to the exclusion of any further proceedings in the Circuit Court of Cook County, State of Illinois.

WHEREFORE, Defendants pray that this action be removed to the United States District Court for the Northern District of Illinois.

Dated: November 9, 2022     Respectfully Submitted:

By: /s/ James B. Hiller

James B. Hiller (#6277661)
Gordon Rees Scully Mansukhani, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Ph: 312-980-6773
jhiller@grsm.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, and have served same by depositing a copy thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office Department, properly addressed to the parties as follows:

JS LAW
Jeffrey S. Sobek
29 E. Madison Street, Suite 1201
Chicago, Illinois 60602
Telephone: (312) 756-1330
jeffs@jsslawoffices.com

*Attorneys for Plaintiff*

This, the 9th day of November, 2022

                                            Gordon Rees Scully Mansukhanki, LLP

                                            By: /s/ James B. Hiller_____

                                                James B. Hiller (#6277661)
                                                Gordon Rees Scully Mansukhani, LLP
                                                One North Franklin, Suite 800
                                                Chicago, IL 60606
                                                Ph: 312-980-6773
                                                jhiller@grsm.com
                                                *Attorneys for Defendants*