**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SLOANE BUXTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 22 C 6269** |
| **v.** ) | |
| ) | **Judge Jorge L. Alonso** |
| **1237 FULLERTON LLC and THE SCION** ) | |
| **GROUP,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Defendants' motion to dismiss [4] is granted. This case is dismissed with prejudice. Civil case terminated.

## STATEMENT

Plaintiff, Sloane Buxton, brings this putative class action against her former landlord, 1237 Fullerton LLC, and its property manager, The Scion Group, for an alleged violation of Chicago's Residential Landlord Tenant Ordinance ("RLTO"), *see* Chicago Municipal Code § 5-12-140. Plaintiff initially filed this case in the Circuit Court of Cook County, Case No. 22 CH 9018, in September 2022, and defendants removed it to this Court, *see* 28 U.S.C. § 1446, asserting subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

The dispute began with an earlier class-action lawsuit between the same parties, which was also filed in the Circuit Court of Cook County, Case No. 22 CH 4059 (the "Pending Cook County Case"). Plaintiff filed that suit against defendants in April 2022, asserting a different violation of the RLTO. Defendants responded by moving to compel arbitration, citing the arbitration clause in the standard rental agreement that plaintiff had signed. In reply, plaintiff filed this suit, claiming that defendants' motion to compel arbitration independently violated the RLTO, which states in

section 5-12-140 that "no rental agreement may provide that the landlord or tenant . . . [a]grees to waive the right of any party to a trial by jury" and that any landlord who attempts to enforce a provision of a rental agreement in violation of that section is liable to the tenant for "two months' rent."

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff fails to state a claim on which relief can be granted because the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, preempts Chicago's RLTO, to the extent that the jury-waiver provision might be read to bar arbitration agreements. For the following reasons, the Court agrees with defendants that plaintiff's claim under the RLTO is preempted by the FAA.

## I. Legal Standards

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *see* Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Preemption is an affirmative defense," and typically plaintiffs need not plead around affirmative defenses in order to survive a Rule 12(b)(6) motion to dismiss. *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010); *see Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019). But it may be appropriate to grant a Rule 12(b)(6) motion to dismiss based on an affirmative defense, such as preemption, "'where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014)). If the plaintiff pleads himself

out of court by presenting "all relevant facts," *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012), such that he has essentially "admit[ted] all the ingredients of an impenetrable defense," *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004), then the Court may dispose of the case by granting a Rule 12(b)(6) motion to dismiss. *See Wardingley v. Ecovyst Catalyst Techs., LLC*, No. 2:22-CV-115-PPS-JEM, 2022 WL 16714139, at *2 (N.D. Ind. Nov. 4, 2022) (analyzing preemption issue raised in Rule 12(b)(6) motion to dismiss because the Court had before it "all that is 'needed in order to . . . rule on the defense'") (quoting *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010)).

"The preemption doctrine is grounded in the Constitution's Supremacy Clause." *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 762 (7th Cir. 2008). The Supremacy Clause declares that federal law "shall be the supreme Law of the Land . . . any Thing in the Constitution or Law of any State to the Contrary notwithstanding." U.S. Const. Art. VI., cl. 2. "Where state and federal law directly conflict, state law must give way." *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 617 (2011) (internal quotation marks omitted).

## II. Discussion

While the present motion to dismiss was being briefed, the court granted defendants' motion to compel arbitration in the Pending Cook County Case that is the subject of this action, ruling that the FAA preempted the RLTO's prohibition of jury-trial waivers. (*See* Def.'s Reply Br., Ex. A, Mem. Op. & Order, *Buxton v. Scion Group, LLC*, Case No. 22 CH 4059 (Cir. Ct. Cook Cty. Jan. 17, 2023)). The same reasoning requires this Court to grant defendants' motion to dismiss.

The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or

transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has explained that this statute "requires courts to place arbitration agreements on 'equal footing with all other contracts.'" *Kindred Nursing Centers Ltd. P'ship v. Clark*, 581 U.S. 246, 248 (2017) (quoting *DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 54 (2015)). This means that a state rule may neither "discriminate[] against arbitration on its face" nor attempt to "'covertly accomplish[] the same objective by disfavoring contracts that . . . have the defining features of arbitration agreements.'" *Chamber of Com. of the United States of Am. v. Bonta*, 62 F.4th 473, 483 (9th Cir. 2023) (quoting *Kindred Nursing*, 581 U.S. at 251); *see Hunt v. Moore Bros., Inc.*, 861 F.3d 655, 659 (7th Cir. 2017) (explaining, citing *Kindred Nursing*, that a state law is "incompatible with the FAA" if it "singles out arbitration agreements for disfavored treatment, in violation of the equal-treatment principle that applies to arbitration agreements"). Thus, a state rule that prohibits agreements to waive the right to a jury trial violates the FAA—and is therefore preempted—because it disfavors contracts with the "defining features" of an arbitration agreement. *See Kindred Nursing*, 581 U.S. at 251-52 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011)). Even a state rule placing burdens on the right to waive a jury trial, without eliminating it entirely, still violates the FAA because states and state entities may not "adopt a legal rule hinging on the primary characteristic of an arbitration agreement—namely, a waiver of the right to go to court and receive a jury trial." *Id.* at 252; *see id.* at 251-53 (explaining that Kentucky's "clear-statement" rule prohibiting an agent from waiving a principal's right to a jury trial without the principal's explicit permission violated the FAA). "Such a rule is too tailor-made to arbitration agreements— subjecting them, by virtue of their defining trait, to uncommon barriers—to survive the FAA's edict against singling out those contracts for disfavored treatment." *Id.* at 252.

The RLTO's prohibition on jury waivers in rental agreements is just such a state rule, and it follows from *Kindred Nursing* and like cases that the RLTO's jury waiver prohibition is preempted by the FAA, as the court concluded in the Pending Cook County Case. Plaintiff argues that her complaint should survive dismissal, the Cook County ruling notwithstanding, because she is not opposing a motion to compel arbitration in this suit; she is merely seeking the two-months' rent she is entitled to as damages for defendants' violation of the RLTO, namely, its motion to compel her to submit to arbitration. But plaintiff cites no authority in support of this argument, and her position is illogical: surely, if the FAA prohibits plaintiff from using the RLTO's jury waiver prohibition to defeat defendants' motion to compel arbitration, then it prohibits plaintiff from using the same provision of the RLTO as the basis for a claim for damages arising out of the same motion and the same arbitration clause of the same rental agreement. Stated differently, if the RLTO's jury waiver prohibition is preempted by the FAA when plaintiff invokes it in opposition to a motion to compel arbitration because it discriminates against or disfavors arbitration contracts, then it is also preempted for the same reason when she invokes it in support of her claim for damages. The Court fails to see why it should matter whether the preempted provision is invoked offensively or defensively; either way, it is preempted by the FAA. To rule otherwise would be to countenance an "uncommon barrier" to arbitration contracts by "singling out those contracts for disfavored treatment." *Kindred Nursing*, 581 U.S. at 252.

For these reasons, the Court agrees with defendants that plaintiff's claims are preempted by the FAA. The Court need not reach the other issues the parties raise, such as whether the claims are preempted by the Illinois Arbitration Act, 710 ILCS 5/1. Typically, the Court gives plaintiffs whose complaints do not survive a motion to dismiss a chance to amend their complaints at least once. But here, amendment would be futile because no amended complaint can change the fact

that plaintiff's claim is preempted by the FAA. Defendant's motion to dismiss is granted, and this

case is closed.

**SO ORDERED.**                                              **ENTERED: August 22, 2023**

_____

**HON. JORGE ALONSO**
**United States District Judge**